MEMORANDUM **
Rosalio Martinez-Martinez, a native and citizen of Mexico (Petitioner), petitions pro se for review of the Board of Immigration Appeals’ (BIA) denial of his motion to remand/reopen proceedings and dismissal of his appeal of an Immigration Judge’s (IJ) decision denying his application for cancellation of removal based on failure to establish exceptional and extremely unusual hardship to his wife and three children, all of whom are United States citizens. We lack jurisdiction over both claims pursuant to 8 U.S.C. § 1252(a)(2)(B)®, and we dismiss the petition.
First, we lack jurisdiction over Petitioner’s challenge to the BIA’s discretionary denial of his application for cancellation of removal. Aside from adding an *829 exception for “constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals,” the amendment of 8 U.S.C. § 1252(a)(2) by the REAL ID Act of 2005, Pub.L. No. 109-13, div. B, § 106, 119 Stat. 231, 310-11, left intact the bar to judicial review of a discretionary determination by the BIA that an alien has failed to satisfy the “exceptional and extremely unusual hardship” requirement for purposes of cancellation of removal. Mendez-Castro v. Mukasey, 552 F.3d 975, 978 (9th Cir.2009). Petitioner does not raise a col-orable constitutional claim or legal question. He instead argues that his wife’s United States citizen status and his separation from her and their three United States citizen children present “special equities” such that the BIA erred in its adverse hardship determination. Such a claim “ ‘is nothing more than an argument that the [BIA] abused [its] discretion’ in determining that the petitioner ‘did not meet the requirement of “exceptional and extremely unusual hardship,” ’ which is “ ‘a matter over which we have no jurisdiction.’ ” Id. at 978 (quoting Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005)).
Second, we lack jurisdiction over Petitioner’s challenge to the BIA’s denial of his motion to remand/reopen proceedings pursuant to our interpretation of 8 U.S.C. § 1252(a)(2)(B)© in Fernandez v. Gonzales, 439 F.3d 592 (9th Cir.2006). Petitioner’s argument in his motion that his wife’s adjustment of status from lawful permanent resident to United States citizen presents a greater equity in the hardship analysis is “essentially the same discretionary issue originally decided” by the IJ, as Petitioner’s wife has always been a qualifying relative whose hardship was considered. See id. at 600. In addition, the BIA determined that Petitioner’s motion failed to establish prima facie eligibility for cancellation of removal. See id. at 601.
PETITION DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.